*In re* ESTATE OF LUCY WORTHAM JAMES.

FEBRUARY 12, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a petition for a writ of certiorari to the superior court for the county of Newport. The petitioners are William R. Harvey, J. Russell Haire and James C. Collins, members of the bar of this state, who appeared as counsel for appellees, William Greenough of New York, Alfred Hayes of Wilmington, Delaware, and Fulton Trust Company of New York, at a hearing of a probate appeal, before a justice of the superior court, entitled "In the Matter of Estate of Lucy Wortham James, late of the City of Newport, said County and State, Deceased."

At the conclusion of the evidence at that hearing, which was on the question of the appointment of an administrator for the estate of Lucy Wortham James, her will not having been filed for probate in Rhode Island, the state of her domicile, the trial justice ordered these petitioners to produce the

will in the probate court for the city of Newport on or before September 1, 1939, or appear before him on the second Monday of October 1939 to show cause why they should not be adjudged in contempt. This order was made orally from the bench, but later, on July 5, 1939, together with other orders directed to the appellees, Greenough, Hayes and Fulton Trust Company of New York, it was incorporated in a formal decree. Those appellees also filed a petition for *certiorari—In the Matter of Estate of Lucy Wortham James,* 64 R. I. 144 which we considered and disposed of in an opinion filed herewith this day. For a fuller statement of the facts out of which arose the instant cause, reference may be had to that opinion.

Each of the petitioners personally objected immediately in the superior court to the oral order affecting him, and later each renewed his objection through counsel at the time of entry of the formal decree. Each objection was overruled and an exception noted on behalf of each petitioner. However, fearing that no other adequate remedy was available to them to redress the alleged wrong committed by the trial justice, these petitioners joined in bringing the instant petition for *certiorari.*

In their petition they alleged that they were not parties to the probate appeal on hearing before the court; that they did not have the custody of the will of Lucy Wortham James and never did have it; that said will was actually in the custody of the surrogate's court of the city of New York; that they personally could not obtain it; and that they had done nothing with reference to the will but counsel their clients as to their rights and obligations, honestly and conscientiously, as they, the petitioners, understood the law.

On this showing we allowed the petition to be filed and issued citations to the appellants, William Alfred Bowles and others, to appear and show cause, if any they had, why

the prayers of the petition should not be granted. Appellants appeared and, after hearing both parties, we issued the writ. The superior court thereupon certified to this court its records and proceedings in the cause. The appellants thereafter filed their answer in which they substantially admit the allegations of the petition set forth above. They nevertheless aver that the order of the superior court is not a final order and, hence, petitioners are not legally aggrieved and *certiorari* does not lie. For these reasons, they pray that the petition be denied and dismissed.

We held in our opinion filed herewith, deciding the petition of the appellees, Greenough, Hayes, and Fulton Trust Company of New York, for *certiorari*, that the adjudication of contempt, unaccompanied by the imposition of punishment, was not a final order which we would review. In that cause, however, we found that there was another adequate remedy. And it was also apparent that no substantial harm or injustice was likely to be suffered by the petitioners, if they were left to that remedy.

In the instant matter, the circumstances are wholly different and appear to be of an oppressive nature in their effect on each of the petitioners acting professionally in the capacity of an attorney and counselor at law.

It is true that these petitioners have not yet even been adjudged in contempt, let alone confronted with punishment. However, the vice of the matter does not inhere in that phase of it, but in the undisputed facts that these petitioners were not parties before the court but merely counsel for parties; that they were nevertheless summarily ordered, under penalty of contempt, to produce the will of Lucy Wortham James, a will they did not have and never had in their custody and which was shown by the evidence to be in the custody of the surrogate's court of the city of New York; and that there was no evidence before the court that

these petitioners had in any way obstructed the court in obtaining all of the relevant facts with reference to the existence of the will in question and its present custody.

On its face, the whole proceeding, as to these petitioners, is illegal and arbitrary and without color of jurisdiction. The record discloses no conduct of these attorneys in the presence of the court or in their relations with their clients pertaining to or involving any orders of the court, of the kind which is generally held to justify summary citation for contempt. Indeed, the record is all to the contrary, so much so that the order of the court appeared to surprise counsel for the appellants as much as it did these petitioners.

The respondents contend, however, that the superior court's action was not arbitrary or unwarranted but was fully justified because "an attorney admitted to practice before the courts of Rhode Island is an officer of the court, and is subject to all lawful orders and instructions given him by the court." Of course attorneys are subject to all *lawful* orders and instructions of the court and as officers of the court they are expected to cooperate with it in the administration of justice. An attorney is an officer of the court and as such is amenable to its authority, but this does not mean that he must follow unlawful orders or that he is without redress to correct promptly capricious, illegal or unwarranted exercise of such authority.

However, in upholding the right of an attorney to be free from arbitrary and unwarranted exercise of judicial authority over him, we are not to be understood as upholding the extreme contention of the petitioners that: "The bar plays a coordinate part with our courts in our judicial system." The petitioners argue in this strain at some length in their brief, and seem to place the attorney almost on a parity with the judge in the administration of justice. Nothing is to be gained by an argument of that kind.

The bar is, as we said on a former occasion, an important element in the administration of justice. *Rhode Island Bar Assoc.* v. *Automobile Service Assoc.*, 55 R. I. 122. But it is only as an auxiliary to the judiciary that it plays a part in the discharge of the judicial power vested in the courts by the constitution. The judiciary, however, realizing, as it always has throughout the long history of our law, the great power for good which a learned, independent and courageous bar exercises in the administration of justice, recognizes certain special rights and even privileges of the bar, and seeks to assist to the fullest measure in safeguarding them.

A lawyer, in discharging the onerous responsibility of counseling his client and advocating his cause in the courts, is indulged in a wide liberty of action, limited by the condition that he respect at all times the dignity and authority of the court. So long as he bears himself with becoming deportment in this regard and does not intentionally seek, by his advocacy, to obstruct justice, he is free to serve his client to the utmost limit of his talent and ability and knowledge of the law.

From our examination of the record in the instant case, we are constrained to say that the superior court acted precipitately and without color of authority, in so far as the attorneys for the appellees were concerned. Whether the conduct of the appellees in not filing the will of Lucy Wortham James for probate in this state was right or wrong will be decided in due course, but, in our opinion, there is no reason appearing in the record for ordering their attorneys to file the will or, failing so to do, to show cause why they should not also be adjudged in contempt.

For the reasons stated, that part of the record, wherein the petitioners are ordered to produce the will in the probate court of the city of Newport or to appear in the superior court to show cause for not doing so, is quashed.

158

*Sheffield & Harvey, Tillinghast, Collins & Tanner, Harold E. Staples,* for petitioners.

*Cornelius C. Moore, Charles H. Drummey,* for respondents.